## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-24238 HRT |
| SVS HOLDINGS, INC., | ) | Chapter 7 |
| | ) | |
| and; | ) | Case No. 14-11360-HRT |
| | ) | Chapter 11 |
| SEQUOIA VOTING SYSTEMS, INC., | ) | |
| | ) | **Jointly Administered under** |
| Debtors. | ) | **Case No. 10-24238-HRT** |

## <u>ALTERNATIVE</u> MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Tom H. Connolly, Chapter 7 Trustee, and Sequoia Voting Systems, Inc. ("SVS") (together, the "Trustee"), by and through their undersigned attorneys, hereby files his <u>Alternative</u> Motion for Leave to File Interlocutory Appeal (the "Motion") and states as follows:

## PROCEDURAL BACKGROUND

1. On June 8, 2010, SVS filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "SVS Bankruptcy Case"). SVS's primary creditor at the time of its filing was and remains Smartmatic Corporation, n/k/a Smartmatic USA Corporation ("Smartmatic"). SVS never had an operating business to reorganize. Accordingly, on September 21, 2012 Smartmatic filed a motion to convert the SVS Bankruptcy Case to a case under Chapter 7. On October 16, 2012, the Bankruptcy Court entered an order converting the SVS Bankruptcy Case to a case under Chapter 7 and the Trustee was appointed.

2. Thereafter, on December 7, 2012, the Trustee initiated an avoidance action against Dominion Voting Systems Corporation and/or Dominion Voting Systems, Inc. (together, "Dominion") by filing an adversary proceeding in the Bankruptcy Court captioned *Connolly v. Dominion Voting Sys. Corp., et al.*, Adv. Proc. No. 12-01757-HRT (the "Adversary Proceeding"). In the Adversary Proceeding, in addition to avoidance claims brought pursuant to 11 U.S.C. §§ 544 and 548, the Trustee also sought to substantively consolidate SVS's bankruptcy estate with the assets and liabilities of Sequoia Voting Systems, Inc. ("Sequoia"), which had not yet filed its Chapter 11 case. At the request of the defendants, the reference was withdrawn to the District Court by Order dated June 11, 2013 (Dist. Ct. Docket No. 14), although the District Court referred the Adversary Proceeding to the Bankruptcy Court for all pre-trial matters. The Adversary Proceeding is presently pending in the District Court as Case No. 13-cv-00169-REB.

3. On February 11, 2014, the Trustee, as President of Sequoia, filed the Sequoia Chapter 11 bankruptcy case, case number 14-11360 HRT (the "Sequoia Bankruptcy Case"). On July 18, 2014, Sequoia filed its Chapter 11 Plan of Liquidation of Sequoia Voting Systems, Inc.

(the "Plan") and accompanying Disclosure Statement.  *See* Sequoia Bankruptcy Case, Docket Nos. 36 and 37.

4.    At the direction of the Bankruptcy Court, the parties filed a Joint Motion for Clarification of the Bankruptcy Court's Authority to Enter an Order Confirming a Proposed Chapter 11 Plan Which Includes Substantive Consolidation of the Bankruptcy Estate of SVS and Sequoia (Dist. Ct. Docket. No. 23).  After briefing, the District Court entered its Order dated September 23, 2015 (Dist. Ct. Docket. No. 31), ruling that "[I]f the bankruptcy court confirms a plan of reorganization which includes substantive consolidation of SVS and Sequoia, I will treat such an order as proposed findings of fact and conclusions of law with regard to the issue of substantive consolidation in this adversary proceeding."

5.    An Amended Disclosure Statement was filed on November 30, 2015.  *Id.* at Docket No. 67.  The Bankruptcy Court approved the Amended Disclosure Statement on January 12, 2016, ordered that the Plan and Amended Disclosure Statement be circulated to creditors for balloting and set a plan confirmation hearing.  *See* Sequoia Bankruptcy Case, Docket No. 74.

6.    On April 1, 2016, Dominion filed its Objection of Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. to the Chapter 11 Plan of Sequoia Voting Systems, Inc. (the "Objection").  *See* Sequoia Bankruptcy Case, Doc. No. 87.  Dominion's was the only objection filed to the Plan.

7.    Creditors returned their ballots by the deadline of April 1, 2016.  All creditors eligible to vote submitted ballots accepting the Plan.  *See* Findings and Conclusions, p. 14.

8.    Beginning June 27, 2016 through July 7, 2016, the Bankruptcy Court conducted a trial regarding confirmation of the Plan.  On December 22, 2016, the Bankruptcy Court entered its Order Denying Confirmation (Docket No. 595) (the "Order") and its Confidential Findings of Fact and Conclusions of Law Filed Under Seal (Docket No. 594) (the "Findings and Conclusions"), denying substantive consolidation of SVS and Sequoia (together, the "Debtors").

9.    Thereafter, on December 28, 2016, the Trustee filed his Motion to Extend Deadline to File Objections to Proposed Findings of Fact and Conclusions of Law Pursuant to FED. R. BANKR. P. 9033 and D.C.COLO.LCIVR84.1 (the "Motion for Extension").  *See* Docket No. 597.  The Motion for Extension was granted the following day and allowed the Trustee until Monday, January 23, 2017 in which to file objections to the Findings and Conclusions.  *See* Docket No. 598.

10.    Pursuant to FED. R. BANKR. P. 8002, any notice of appeal, separate and apart from the filing of objections to the Finding and Conclusions, must be filed within fourteen (14) days of the entry of a judgment, order or decree being appealed or, in this case, by Thursday, January 5, 2017.  FED. R. BANKR. P. 8002(a)(1).

11.    On January 5, 2017, the Trustee filed his Notice of Appeal and Statement of Election (Docket No. 600) (the "Notice of Appeal").  As specified in the Notice of Appeal, the Trustee has appealed the Order Denying Confirmation and elected to have the appeal heard by District Court.

12.     In this case, the Order Denying Confirmation is a "final order" pursuant to 28 U.S.C. § 158(a)(1) and thus is appealable as a matter of right under the "collateral order doctrine."  Alternatively, to the extent the Order Denying Confirmation is deemed not to be a final order, judgment or decree, the Trustee, as further set forth below, seeks leave of this Court to appeal the Order Denying Confirmation on an interlocutory basis.

## REQUESTED RELIEF

13.     The Trustee asserts that he may appeal the Bankruptcy Court's Order Denying Confirmation as an appeal of right under 28 U.S.C. § 158(a)(1).  Specifically, the Order Denying Confirmation is appealable under the collateral order doctrine as further discussed below. However, in the alternative, and only in the event a determination is made that the Trustee's appeal from the Order Denying Confirmation requires leave pursuant to 28 U.S.C. § 158(a)(3) and FED. R. BANKR. P. 8004, the Trustee seeks leave of this Court to file an interlocutory appeal of the Court's Order Denying Confirmation.  The Order Denying Confirmation involves a controlling question of law for which there is substantial ground for difference of opinion, and the immediate resolution of the same will materially advance the ultimate resolution of plan confirmation that provides for substantive consolidation of the Debtors.

## DISCUSSION

**A.     Appeal of the Order Denying Confirmation is an Appeal of Right Under the Collateral Order Doctrine**

14.     The District Court has jurisdiction to hear appeals from final judgments, orders and decrees.  *See* 28 U.S.C. § 158(a)(1).[1]  "Orders may also be considered 'final' if they meet the requirements of the collateral order doctrine."  *In re McCarn*, 218 B.R. 154, 157 (B.A.P. 10th Cir. 1998) (citing *Quackenbush*, 517 U.S. at 710–12, 116 S.Ct. at 1718; *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

15.     "An order is 'final' under the collateral order doctrine if it (1) conclusively determines a disputed question that is completely separate from the merits of the action, (2) is effectively unreviewable on appeal from a final judgment, and (3) is too important to be denied review."  *McCarn*, 218 B.R. at 157.

16.     In this case, the Trustee asserts each of the elements of the collateral order doctrine apply to the Trustee's Notice of Appeal.

●     *The Order Denying Confirmation Conclusively Determines a Disputed Question that is Completely Separate from the Merits of the Action*

---

[1]   Although in the context of a Chapter 13 plan the Tenth Circuit Court of Appeals has indicated that denial of confirmation is not a "final" order for purposes of appeal, *see Simons v. FDIC*, 908 F.2d 643, 644 (10th Cir. 1990), undersigned counsel has been unable to locate binding legal authority addressing the denial of confirmation of a Chapter 11 plan.  It is further asserted that, notwithstanding the *Simons* decision, the collateral order doctrine is a separate and distinct legal theory which is applied apart from the analysis contained in *Simons*.

17.     The Order Denying Confirmation, when viewed in the broad context of the two bankruptcy cases, determined a disputed question that is separate and apart from the administration of the two estates.  Moreover, the main question presented by the Plan (and about which the parties vehemently disagree) was whether the Debtors should be substantively consolidated pursuant to 11 U.S.C. § 1123(a)(5)(C).  This question is completely separate from the requirements of confirmation of a Chapter 11 plan under 11 U.S.C. § 1129(a).

18.     Moreover, until there is the ability to appeal the Bankruptcy Court's determination regarding substantive consolidation, the Trustee cannot file another plan because substantive consolidation of the Debtor entities is at the heart of the enhanced recoveries to the general unsecured creditors of SVS and Sequoia.

- *The Order Denying Confirmation is Effectively Unreviewable on Appeal from a Final Judgment*

19.     As set forth above, the purpose of proposing the Plan was to obtain confirmation, which necessarily included substantive consolidation of the two Debtors.  The Plan confers substantial benefits on the creditors which may not be available in the event the Debtors are liquidated.  Without review of the Order Denying Confirmation and, more specifically, the Bankruptcy Court's determination that substantive consolidation was not warranted, the Order Denying Confirmation will be effectively unreviewable on appeal because no other plan can be proposed and liquidation will significantly prejudice the creditors of both bankruptcy estates.

- *The Order Denying Confirmation is Too Important to be Denied Review*

20.     The importance of the substantive consolidation determination in the context of plan confirmation and the Adversary Proceeding cannot be overstated.   In the Order of September 23, 2015 (District Court Docket No. 31), the District Court stated, "[t]he key question at issue now is how an order of the bankruptcy court approving a plan of reorganization which includes substantive consolidation of SVS and Sequoia would affect issues in this adversary proceeding."

21.     Resolution of the substantive consolidation issue may be determinative of whether any plan can be confirmed by Sequoia.  The final determination of the matter is not only important to the creditors of SVS and Sequoia, but also could potentially have a significant impact on the Adversary Proceeding.

22.     Based on the foregoing, the Trustee asserts that the three elements of the collateral order doctrine have been met in this case and, accordingly, the Notice of Appeal filed by the Trustee is an appeal of right pursuant to 28 U.S.C. § 158(a)(1) and FED. R. BANKR. P. 8003.

**B.     Alternatively, to the Extent the Court Disagrees that the Collateral Order Doctrine Applies to this Case, the Trustee Seeks Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3)**

23.     Pursuant to 28 U.S.C. § 158(a)(3), "the district courts of the United States shall have jurisdiction to hear appeals . . . (3) with leave of court, from other interlocutory orders and

decrees; and, with leave of court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title . . . ."

24.     "Section 158 does not provide a standard of review clarifying when an appeal from an interlocutory order of the bankruptcy court is appropriate," *Sheehan v. Sheehan Pipe Line Constr. Co.*, 2016 WL 7335637, at *2 (N.D. Okla. Dec. 16, 2016); however, the Tenth Circuit Bankruptcy Panel has determined that:

> Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation.

*Sheehan*, 2016 WL 7335637, at *2 (citing *In re McCarn*, 218 B.R. 154, 157 (B.A.P. 10th Cir. 1998)); *In re Fox*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999).

25.     FED. R. BANKR. P. 8004 indicates that a motion seeking an interlocutory appeal must provide certain information as follows:  "[t]o appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a)," FED. R. BANKR. P. 8004(a) which must include the following:

(A)   the facts necessary to understand the question presented;

(B)   the question itself;

(C)   the relief sought;

(D)   the reasons why leave to appeal should be granted; and

(E)   a copy of the interlocutory order or decree and any related opinion or memorandum.

FED. R. BANKR. P. 8004(b)(1)(A)-(E); *see also Sheehan*, 2016 WL 7335637, at *2. As set forth below, the factors in Rule 8004 and under applicable Tenth Circuit legal authority, weigh in favor of granting leave to appeal, to the extent the Court does not believe the Trustee's Notice of Appeal is a matter of right.

●     *Facts Necessary to Understand the Question Presented*

26.     In this case, the Bankruptcy Court's Findings and Conclusions are thirty-two (32) single-spaced pages, including detailed findings of fact and conclusions of law.  Over the course of a seven-day evidentiary hearing, the parties offered 848 proposed exhibits and testimony from a number of witnesses, along with eleven depositions presented in paper or video format.  Most of the evidence heard in the context of Plan confirmation was addressed to the issue of substantive consolidation.  *See Findings and Conclusions*, p. 12, n. 18-20.

● ***The Questions Presented***

27.    Substantive consolidation is an equitable remedy that is broadly recognized. The doctrine of substantive consolidation allows a bankruptcy court, under appropriate circumstances, to disregard a separate legal entity when doing so would be in the best interests of the creditors and the bankruptcy estate.  As pointed out by the Bankruptcy Court in the Findings and Conclusions, the only Tenth Circuit precedent predates the Bankruptcy Code and all of the case law that has been decided on this subject since that enactment of the Bankruptcy Code. *See, e.g., In re Fish v. East*, 114 F.2d 177 (10th Cir 1940); *FDIC v. Hogan*, 593 F.2d 921 (10th Cir. 1979).  The overriding question on appeal has to do with the standard to be applied by a bankruptcy court in considering substantive consolidation and whether that standard was properly applied in the Findings and Conclusions.

> Whether the Bankruptcy Court erred in failing to apply or correctly apply the appropriate legal standard in determining the issue of substantive consolidation in the context of Sequoia's Plan.

28.    A number of additional issues are essentially an outgrowth of the first:

> Whether the Bankruptcy Court erred in its reliance on unsubstantiated accounting evidence and inadmissible expert testimony in analyzing the issue of substantive consolidation;

> Whether the Bankruptcy Court erred in failing to consider repeated and significant instances of confusion and disregard of corporate formalities as between SVS and Sequoia by their board members, officers, and professionals;

> Whether the Bankruptcy Court erred in its application of the concept of "substantial identity" between SVS and Sequoia or consider evidence relevant to the existence of a "substantial identity;"

> Whether the Bankruptcy Court erred in its attempt at balancing of equities, and in particular, failing to consider the interest and desires of the creditors of SVS and Sequoia; and

> Whether the Bankruptcy Court erred in its application of the legal standard governing *nunc pro tunc* substantive consolidation.

● ***The Relief Sought***

29.    The relief sought is the reversal or vacation of the Order Denying Confirmation.

● ***The Reasons Why Relief Should be Granted***

30.     Leave to appeal, to the extent necessary, should be granted for the following reasons:

      a.     The Order Denying Confirmation and most importantly the order denying substantive consolidation effectively precludes the Trustee from filing another plan until the matter can be reviewed by an appellate court.

      b.     If this Court undertakes a *de novo* review of the Bankruptcy Court's Findings and Conclusions, concurrent consideration of the Trustee's appeal will result in a considerably more efficient use of judicial resources.

      c.     The Order Denying Confirmation finally determined claims of right separable from, and collateral to, rights asserted through plan confirmation which are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the cases are fully adjudicated. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949).  As indicated previously, a determination allowing substantive consolidation is the only avenue for creditors to be paid in the bankruptcy cases.  Otherwise, there is little to no reason to file another plan of liquidation.

      d.     If an appeal is denied at this time, it will effectively deny any appellate review of the Court's determination that substantive consolidation is not warranted.

      e.     If an appeal is not allowed at this time, the same will result in a significant delay of the administration of the Debtors' bankruptcy cases and likely will result in the abandonment of claims that cannot be realized without a finding for substantive consolidation.

●    *A Copy of the Order Denying Confirmation*

31.     A copy of the Confidential Findings of Fact and Conclusions of Law Filed Under Seal is contemporaneously filed under seal with this Motion.  A copy of the Order Denying Confirmation is attached as **Exhibit A.**

32.     Based on the foregoing, if the Court determines that the Trustee's Notice of Appeal is not a matter of right and is instead interlocutory, the Trustee asserts that the Court should grant him leave to proceed on an interlocutory basis for the reasons set forth above.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order finding that the Notice of Appeal filed by the Trustee is a matter of right pursuant to 28 U.S.C. § 158(a)(1).  Alternatively, the Trustee requests the Court grant him leave to appeal the Court's Order Denying Confirmation pursuant to 28 U.S.C. § 158(a)(3) and requests such other and further relief as is appropriate.

Dated this 5th day of January, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Chad S. Caby*

Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
1200 17th Street, Suite 3000
Denver, CO  80202
Phone:   (303) 623-9000
Fax:      (303) 623-9222
E-mail:   bcohen@lrrc.com
            ccaby@lrrc.com

*Attorneys for Tom H. Connolly, Chapter 7 Trustee, and Sequoia*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of January, 2017, a true and correct copy of the foregoing **ALTERNATIVE MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL** was deposited in the U.S. mail, postage paid, and addressed as follows:

George W. Shuster, Jr.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

Daniel J. Garfield
McAllister Law Office P.C.
501 S. Cherry Street, Suite 480
Denver, CO 80246

Eric E. Johnson
David B. Wilson
Sherman & Howard LLP
633 17th Street, Suite 3000
Denver, CO  80202

*s/  Jennah Little*
OF: LEWIS ROCA ROTHGERBER CHRISTIE LLP